**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lorenzo GALINDO–VEGA,**
**Defendant–Appellant.**

**No. 12–50549.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2013.

Filed June 10, 2013.

Mark R. Rehe, Assistant U.S. Atty., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: KOZINSKI, Chief Judge, and GOULD and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

The information, abstract of judgment, and minute entry together demonstrate that Galindo–Vega previously pleaded guilty to possession for sale of heroin in violation of California Health & Safety Code § 11351. Heroin is a controlled substance under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* *See* 21 U.S.C. § 812. Thus, applying the modified categorical approach, Galindo–Vega's prior conviction qualifies as a "drug trafficking offense" for the purposes of U.S. Sentencing Guidelines Manual § 2L1.2. *United States v. Leal–Vega,* 680 F.3d 1160, 1162, 1167–69 (9th Cir.2012); *see also United States v. Snellenberger,* 548 F.3d 699, 701–02 (9th Cir.2008) (en banc), *abrogated on other grounds by Young v. Holder,* 697 F.3d 976 (9th Cir.2012) (en banc).

Galindo–Vega argues (relying on *Young*) that the nature of the drug he possessed is not a necessary element of his prior crime and, therefore, was not admitted in his plea. We disagree. *Young* instead addressed the scope of a plea's factual admissions only where the charging document is conjunctively phrased. *See* 697 F.3d at 986–87. Unlike the charging document in *Young,* Galindo–Vega's information was not conjunctively phrased. The information stated that Galindo–Vega "did unlawfully possess for sale and purchase for sale a controlled substance, to wit, heroin." Accordingly, Galindo–Vega's information is very similar to the charging document in *Leal–Vega,* which charged the defendant with possession of "a controlled substance, to wit, TAR HEROIN." 680

F.3d at 1162. As in *Leal–Vega,* we conclude that the abstract and minute entry made clear that Galindo–Vega pleaded guilty to possession of heroin, *see United States v. Lee,* 704 F.3d 785, 790–91 (9th Cir.2012); *Leal–Vega,* 680 F.3d at 1168, and Galindo–Vega's reliance on *Young* is misplaced.

Thus, because Galindo–Vega was previously convicted of a drug trafficking offense, and his sentence for that prior conviction exceeded thirteen months, the district court properly imposed the § 2L1.2 enhancement. *Leal–Vega,* 680 F.3d at 1163.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.